**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

CHAD D.,

                              Plaintiff,

            v.                                                    8:24-CV-1343
                                                                      (DJS)

FRANK BISIGNANO, *Commissioner of*
*Social Security*,

                              Defendant.

_____

**APPEARANCES:**                                    **OF COUNSEL:**

OLINSKY LAW GROUP                          HOWARD D. OLINSKY, ESQ.
Attorney for Plaintiff
250 South Clinton Street, Suite 210
Syracuse, New York 13202

U.S. SOCIAL SECURITY ADMIN.            FERGUS J. KAISER, ESQ.
OFFICE OF THE GENERAL COUNSEL
Attorney for Defendant
6401 Security Boulevard
Baltimore, Maryland 21235

**DANIEL J. STEWART**
**United States Magistrate Judge**

1

Case 8:24-cv-01343-DJS    Document 18    Filed 03/03/26    Page 2 of 10

**<u>MEMORANDUM-DECISION AND ORDER</u>**[1]

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) seeking review of a decision by the Commissioner of Social Security that Plaintiff was not disabled. Currently before the Court are Plaintiff's Motion for Judgment on the Pleadings, Dkt. Nos. 11 & 16, and Defendant's Motion for Judgment on the Pleadings. Dkt. No. 13. For the reasons set forth below, Plaintiff's Motion for Judgment on the Pleadings is denied and Defendant's Motion is granted. The Commissioner's determination is affirmed.

## I. BACKGROUND

### A. Factual Background

Plaintiff applied for disability insurance and supplemental security income benefits and his applications were denied on December 3, 2021. Dkt. No. 8, Admin. Tr. ("Tr.") at pp. 140-159. Reconsideration was denied on May 11, 2022. Tr. at pp. 163-188. Plaintiff thereafter timely requested a hearing before an Administrative Law Judge ("ALJ"). Tr. at pp. 196-197. Two administrative hearings were held before ALJ Jeremy Eldred, one on October 30, 2023, and the second on April 22, 2024. Tr. at pp. 35-66. A vocational expert testified at each hearing. *Id.* On May 14, 2024, ALJ Eldred issued

---

[1] Upon Plaintiff's consent, the United States' general consent, and in accordance with this District's General Order 18, this matter has been referred to the undersigned to exercise full jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Dkt. No. 7 & General Order 18.

2

a written decision finding Plaintiff was not disabled under the Social Security Act.  Tr. at pp. 17-27.  In September 2024, the Appeals Council denied review.  Tr. at pp. 1-6.

## B.  The ALJ's Decision

The ALJ's decision first found that Plaintiff met the insured status requirements through June 30, 2025.  Tr. at p. 19.  Next, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 20, 2020, his alleged onset date.  *Id.*  The ALJ found that Plaintiff's diabetes, diabetic retinopathy with recurrent vitreous hemorrhage of the left eye, neuropathy, and degenerative changes of the right foot were severe impairments.  Tr. at p. 20.  Third, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1.  Tr. at p. 21.  Fourth, the ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to perform a full range of light work except:

> he can never climb ladders, ropes, or scaffolds; can climb ramps or stairs frequently; must avoid exposure to hazardous working conditions, such as work done at unprotected heights and work done in proximity to dangerous moving machinery; is limited to no more than occasional use of near visual acuity; is limited to no more than occasional use of visual accommodation, and is limited to no more than occasional use of depth perception.

*Id.*  Next, the ALJ found that Plaintiff was unable to perform his past relevant work.  Tr. at p. 26.  The ALJ then found that based on Plaintiff's age, education, work experience,

3

and RFC he could perform several jobs existing in significant numbers in the national economy. *Id.* Finally, the ALJ found that Plaintiff was not disabled as defined in the Social Security Act. Tr. at p. 27.

## II. RELEVANT LEGAL STANDARDS

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained

4

"even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).

### B.  Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act.  20 C.F.R. §§ 404.1520, 416.920.  The Supreme Court has recognized the validity of this sequential evaluation process.  *Bowen v. Yuckert*, 482 U.S. 137, 141-42 (1987).  The five-step process asks:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a "residual functional capacity" assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014).  "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson*, 540 U.S. 20, 24 (2003).

5

### III. DISCUSSION

In this case, Plaintiff presents a single issue for review.  He challenges the ALJ's evaluation of his visual impairments, specifically questioning whether substantial evidence supported the limitations imposed in the RFC.  Dkt. No. 11, Pl.'s Mem. of Law at pp. 8-13.  The Commissioner responds that there were no errors in the consideration of Plaintiff's claim and that substantial evidence supports the determination.  Dkt. No. 13, Def.'s Mem. of Law at pp. 5-8.

The record in this case establishes unequivocally that Plaintiff had vision issues in his left eye.  The ALJ's RFC finding sought to address those issues by limiting Plaintiff to no more than occasional use of visual acuity, visual accommodation and depth perception.  Tr. at p. 21.  Plaintiff was also limited in his exposure to hazardous conditions and dangerous machinery.  *Id.*  While Plaintiff suggests that "[t]he ALJ erred by fashioning an RFC without the support of any medical opinion," Tr. at p. 10, the record clearly demonstrates to the contrary.

Multiple medical opinions considered by the ALJ specifically addressed Plaintiff's vision issues.  Dr. Angelotti, a state agency consultant, provided a medical opinion indicating no visual limitations.  Tr. at p. 79.  Dr. Gandhi, another state agency physician, also opined no visual limitations.  Tr. at p. 112.  The ALJ found these opinions to "have some persuasive value."  Tr. at p. 25.  Dr. Elke Lorensen, a consultative

examiner, discussed Plaintiff's vision test results and did not include any visual limitations in assessing his functional capacity. Tr. at pp. 486 & 488. The ALJ found Dr. Lorensen's opinion supported by and consistent with the record, though "somewhat optimistic" as to Plaintiff's abilities. Tr. at p. 25. Finally, Dr. Ashley Grimshaw, a treating provider, noted Plaintiff's vision issues and stated he should "avoid hazards." Tr. at p. 1986. The ALJ concluded that some portions of Dr. Grimshaw's opinion were unpersuasive. Tr. at p. 25.

Plaintiff's hearing testimony provided additional evidence regarding his visual limitations. He indicated he had trouble reading normal sized print, Tr. at p. 39, and seeing information on his phone. Tr. at p. 40. Plaintiff also testified to tripping over things, though it is unclear whether he attributed that solely to numbness or in part to his vision issues. Tr. at p. 53. He indicated difficulty identifying what someone might be doing with their hand in front of Plaintiff's face. Tr. at p. 56.

"It is the ALJ, and not a medical source, who is responsible for assessing a claimant's RFC." *Jose F. v. O'Malley*, 2024 WL 4210900, at *7 (W.D.N.Y. Sept. 17, 2024) (citing Social Security regulations). The Second Circuit has consistently recognized that "the ALJ's RFC conclusion need not perfectly match any single medical opinion in the record, so long as it is supported by substantial evidence." *Schillo v. Kijakazi*, 31 F.4th 64, 78 (2d Cir. 2022). The ALJ is also free to consider a plaintiff's

7

testimony in crafting the RFC. *McMillian v. Comm'r of Soc. Sec.*, 2022 WL 457400, at *5 (S.D.N.Y. Feb. 15, 2022); *Haggins v. Comm'r of Soc. Sec.*, 2020 WL 4390698, at *5 (W.D.N.Y. July 31, 2020). While Plaintiff correctly cites to the rule that "ALJs are not medical professionals; therefore, ALJs are not qualified to assess a claimant's RFC on the basis of bare medical findings," *Melanie M. v. Comm'r of Soc. Sec.*, 2020 WL 4335495, at *4 (N.D.N.Y. July 28, 2020) (internal quotations omitted), there is no reason to conclude on this record that the ALJ did so.

Two of the medical opinions expressly opined no visual limitations, Tr. at pp. 79 & 112, while Dr. Grimshaw recommended only that Plaintiff "avoid hazards." Tr. at p. 1986. The RFC adopted by the ALJ specifically addresses Dr. Grimshaw's concerns by directing that Plaintiff "avoid exposure to hazardous working conditions." Tr. at p. 21. Plaintiff objects to the further *restrictions* imposed in the RFC, limiting Plaintiff to no more than occasional near visual acuity, use of visual accommodation and depth perception. Tr. at p. 21; Pl.'s Mem. of Law at pp. 10-11. This objection lacks merit. Given Plaintiff's documented vision issues and Plaintiff's own testimony regarding his limited visual acuity, the ALJ reasonably chose to impose greater limits than opined in the medical opinions. Substantial evidence certainly supports that finding.

The ALJ has an obligation to "weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole." *Matta v. Astrue*, 508 F.

8

App'x 53, 56 (2d Cir. 2013). Contrary to Plaintiff's suggestion, the Court does not view the ALJ's analysis here to reflect him "playing doctor" in choosing limitations, but having considered all the evidence, medical and otherwise, in reaching a reasoned conclusion about Plaintiff's functional abilities. *See Kelly v. Saul*, 2019 WL 6842970, at *3 (W.D.N.Y. Dec. 16, 2019).

Even assuming this was error, it was clearly harmless. Since most of the medical opinions in the record identified no visual limitation, an "RFC including additional restrictions that limited Plaintiff to working fewer jobs than supported by a medical opinion, such determination, if incorrect, is merely harmless error." *Jose F. v. O'Malley*, 2024 WL 4210900, at *8 (W.D.N.Y. Sept. 17, 2024). At best, what Plaintiff objects to is an RFC that is more restrictive than what the medical records might otherwise have supported and the Court fails to see how that error could have prejudiced Plaintiff. *Ryan W. v. Comm'r of Soc. Sec.*, 2022 WL 813934, at *4 (N.D.N.Y. Mar. 17, 2022); *Michael G. v. Comm'r of Soc. Sec.*, 2020 WL 7706603, at *4 (W.D.N.Y. Dec. 29, 2020).

### IV.  CONCLUSION

**ACCORDINGLY**, it is

**ORDERED**, that Plaintiff's Motion for Judgment on the Pleadings is **DENIED**; and it is further

**ORDERED**, that Defendant's Motion for Judgment on the Pleadings is **GRANTED**; and it is further

**ORDERED**, that Defendant's Motion denying Plaintiff disability benefits is **AFFIRMED** and the Complaint is **DISMISSED**; and it is further

**ORDERED,** that the Clerk of the Court shall serve copies of this Memorandum-Decision and Order on the parties.

Dated:  March 3, 2026
      Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

10